## MORRIS & CO. v. SKANDINAVIA REINSURANCE CO., Limited.

(District Court, S. D. New York. December 13, 1922.)

1. **Admiralty ⊜⇒72—Bill of particulars not ordered, where compliance impossible.**
   On motion to require an insurer to produce a policy, the bill of particulars will be granted only conditionally, where the insurer is unable to secure the policy or an authentic copy thereof.

2. **Limitation of actions ⊜⇒2(2)—Law of place where contract made governs insurance contract.**
   Under Code Civ. Proc. N. Y. § 390-a, providing, in case of nonresidents, that, where the cause of action arises outside the state an action cannot be brought after the expiration of the time limited by the laws of the country where the cause of action arose, an action on a contract of cargo insurance made in Buenos Aires, which provided that claims were payable there, was governed by the law of the place where the contract was written, not of the place where the cargo loss occurred.

Libel in personam by Morris & Co. against the Skandinavia Reinsurance Company, Limited. On libelant's motion for bill of particulars and exceptions to respondent's answer. Motion granted conditionally, and exceptions overruled.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City (Robert S. Erskine, of New York City, of counsel), for libelant.

Bigham, Englar & Jones, of New York City (Oscar R. Houston, of New York City, of counsel), for respondent.

AUGUSTUS N. HAND, District Judge. [1] The libelant moves for a bill of particulars of the policy of insurance sued upon. The respondent is at present unable to secure the policy, or an authentic copy. The motion will be granted only to the extent of ordering a production of a copy, if and when it can secure one. The exception to subdivision fourth of the answer is overruled.

[2] In respect to exceptions 3, 4, and 5 to the tenth, eleventh, and twelfth subdivisions of the answer, they are overruled. The place where the cargo loss occurred does not determine where the cause of action in contract upon the policy arose. The contract of insurance is alleged to have been made in Buenos Aires, and to have provided that claims were to be payable there. Section 390-a of the Code of Civil Procedure provides in case of nonresidents that where a cause of action arises outside of this state an action cannot be brought to enforce it after the expiration of the time limited by the laws of the country where the cause of action arose.

The contention of the libelant that the twelfth subdivision of the answer is not sufficiently specific because the date when the voyage terminated is not given is overruled. DeGrove v. Metropolitan Insurance Co., 61 N. Y. at page 604. If anything more is required it may be asked for by interrogatories. The exceptions to subdivisions thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth, twentieth, and twenty-first are overruled.

The place where the policy is written governs the contract. The Carib Prince (D. C.) 63 Fed. 266; Automobile Ins. Co. v. Guaranty

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Securities Corporation (D. C.) 240 Fed. 222; Liverpool Steam Co. v. Phenix Ins. Co., 129 U. S. 397 at page 459, 9 Sup. Ct. 469, 32 L. Ed. 788.

Settle order on notice.